IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **WILLIAM EARSKINE MATTHEWS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **7:20-cv-08039-LSC** |
| ) | **7:14-cr-00248-LSC** |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION**

### I.  Introduction

Before this Court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner William Earskine Matthews ("Matthews") on December 8, 2020. (Doc. 1.) The Government has responded in opposition to his motion. (Doc. 7.) For the following reasons, the motion is due to be denied and the present action dismissed with prejudice.

### II.  Background

On October 8, 2014, Matthews entered into a written plea agreement and pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), one count of felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1), and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Crim. Doc. 31.) Matthews was sentenced

to a term of imprisonment of 134 months on February 12, 2015. (Crim. Doc. 50 at 2.) Matthews did not file an appeal. (Doc. 1 at 3.)

### III.   Discussion

Matthews argues that *United States v. Davis* requires that his sentence be vacated. (*Id.*) In *Davis*, the Supreme Court ruled that Title 18 U.S.C. § 924(c)(3)(B), which provides enhanced penalties for using a firearm during a "crime of violence," is unconstitutionally vague. *United States v. Davis,* 139 S. Ct. 2319, 2336 (2019).

Matthews' motion to vacate is subject to a one-year statute of limitations, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

### A. Timeliness

"*Davis* announced a new substantive rule, and . . . a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before

the new substantive rule was announced." (*See In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019.)) Therefore, *Davis* does provide an avenue for Matthews to file his § 2255 motion if filed within the one-year timeline articulated in 28 U.S.C. § 2255(f)(3).

*Davis* was decided on June 24, 2019. Thus, Matthews had to file his § 2255 motion within one year from June 24, 2019 to be timely. Matthews did not file his motion until December 8, 2020,[1] which is well outside of the one-year limitation period found in § 2255(f)(3).[2] Matthews has not alleged, and there is no reason to believe that any of the other circumstances delineated in subsections (1), (2), or (4) of § 2255(f) are applicable here.

Matthews argues that the ongoing COVID-19 pandemic was the reason he violated the one-year limitation set forth in § 2255(f)(3). December 8, 2020 is over five months after his one-year deadline had passed. Matthews' supplementary documents to support his tardiness state that the COVID-19 pandemic limited Matthews' access to resources such as the law library, phones, and email since he is in custody. (Doc. 1 at 7.) Specifically, he contends that beginning March 20, 2020,

---

[1] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

[2] Although pleadings by *pro se* litigants are construed liberally (*See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)), in the context of § 2255 motion's, "pro se litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

the prison in which he was housed was put on lockdown. (*Id.*) While it may be true that COVID-19 has made submitting a § 2255 motion more difficult, Matthews had from June 24, 2019, until March 20, 2020, when lockdowns began, to fully utilize all of the resources available to him in prison. Matthews failed to do this and did not complete his motion in time.[3]

### B. Merits

Although untimely, Matthews' § 2255 petition also lacks merit. First, his motion contains very little details regarding his charges or the grounds that he is raising. (*See* Doc. 1.) He left most of the form blank, and his only explanation for any of his actions states that "*Davis (2019)* was not available at the time I was sentence[d]." (*Id.* at 3.) This is Matthews' response to both questions he addressed on the form. (*Id.* at 3-4.) Thus, Matthews did not adequately allege in his petition what he is wanting this Court to consider.

Second, to the extent Matthews is attempting to allege challenges to his sentence through *Davis* based on his being indicted under 18 U.S.C. 924(c)(1)(A)(ii) and 18 U.S.C. § 922(g)(1), any such challenges fail. The Supreme Court in *Davis* held that the "residual clause" of the definition of "violent felony" in 18 U.S.C. § 924(c)(3)(B) providing mandatory minimum sentences based on using, carrying, or

---

[3] The Court also points out that to the extent that *Davis* is not applicable as described in the next section, Matthews' petition is over five years past the one-year deadline in § 2255(f)(1).

possessing a firearm in connection with a federal crime of violence, was "unconstitutionally vague." 139 S. Ct. 2319, 2336 (2019). *Davis'* holding has no effect on Matthews' convictions because, as clearly stated in his written plea agreement, Presentence Investigation Report, and Judgment, his conviction was based on the brandishing of a firearm during and in relation to a violent crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii), not on any crime of violence under 18 U.S.C. § 924(c)(3)(B). (Crim. Doc. at 31, 48, 50.)

In other words, while Matthews' conviction included a crime of violence, he pled guilty to brandishing a firearm during a violent crime in violation of 18 U.S.C. 924(c)(1)(A)(ii). Thus, the holding in *Davis* has no effect on Matthews' conviction. Additionally, the holding in *Davis* has no effect on Matthews' conviction for being a felon in possession of a firearm, in violation of 18 U.S.C § 922(g)(1). Again, this is not a crime of violence in violation of § 924(c)(3)(B), so the Supreme Court's opinion has no effect on Matthews' conviction.

### IV. Conclusion

Matthews' § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice for the preceding reasons.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue

a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *(Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." (*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484.))  This Court finds that Matthews' claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on October 2, 2023.

_____
L. Scott Coogler
United States District Judge

215708